IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                    07-CV-1296-BR

      Plaintiff,

                              OPINION AND ORDER

v.

WESLEY V. MARLATT, WILMA L.
MARLATT, BANK OF EASTERN
OREGON, MORROW COUNTY
ASSESSOR, THE CAPITAL PARISH
OF THE OVERSOUL FOUNDATION,
a Washington state nonprofit
corporation,

      Defendants.


KARIN J. IMMERGUT
United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

GOUD PRADYUMNA MARAGANI

1 - OPINION AND ORDER

**KARI DAWN LARSON**
United States Department of Justice
Tax Division
Ben Franklin Station
P.O. Box 683
Washington, DC 20044-0683
(202) 307-6513

       Attorneys for Plaintiff

**WADE P. BETTIS, JR.**
1906 Fourth Street
La Grande, OR 97850
(541) 963-3313

       Attorney for Defendants Wesley V. Marlatt and Wilma L.
       Marlatt


**BROWN, Judge.**

    This matter comes before the Court on the government's

Motion for Summary Judgment (#27).  For the reasons that follow,

the Court **GRANTS** the government's Motion.


## BACKGROUND

    The following facts are taken from the unopposed Concise

Statement of Facts submitted by the United States.[1]

    Defendants Wesley and Wilma Marlatt owned a cleaning

contractor service during the years at issue.  For the tax year

ending December 31, 1988, the Marlatts underreported to the

Internal Revenue Service (IRS) the gross receipts they earned

---

    [1] Defendants Wesley and Wilma Marlatt did not file a
response to the government's Motion for Summary Judgment, and,
therefore, the government's submitted facts are deemed admitted.

from their business.  In March 1989, the IRS advised the Marlatts that their income-tax returns for earlier years were being audited.

For the tax year ending December 31, 1989, the Marlatts again underreported to the IRS the gross receipts they earned from their business.

For the tax year ending December 31, 1990, the Marlatts failed to file income-tax returns with the IRS.

On March 29, 1991, the Marlatts purportedly transferred their interest in certain real property in Morrow County (the property at interest in this matter) to Defendant Capital Parish of the Oversoul Foundation as their "nominee, alter ego and/or transferee" for less than $100.

On September 17, 1997, a federal jury convicted the Marlatts of Filing False Tax Returns in violation of 26 U.S.C. § 7206(1) for the 1988 and 1989 tax years.  The jury also convicted the Marlatts of Income Tax Evasion in violation of 26 U.S.C. § 7201 for failing to file income-tax returns for the 1990 tax year.  In 1999, the Ninth Circuit upheld these convictions on appeal.

In 2001, 2003, 2004, and 2005 the Secretary of Treasury assessed the Marlatts for unpaid taxes and gave timely notice and demands for payment pursuant to 26 U.S.C. § 6303.  The Marlatts failed to pay the federal income-tax assessments.  The Secretary of the Treasury also filed several Notices of Federal Tax Lien

(NFTL) in the Morrow County Recorder Office in 2001 and 2003
naming the Marlatts as taxpayers with tax liabilities for the
1988-1990 tax years and attaching liens to all of the Marlatts'
property and their rights to the property, which includes the
property at issue.

On August 29, 2007, the government filed a Complaint in
which it requests the Court to (1) enter a judgment against the
Marlatts jointly and severally for their tax liability for the
1988 and 1989 tax years in the amount of $588,543.41 plus
interest and statutory additions that continue to accrue until
paid in full; (2) enter a judgment against Wesley Marlatt for his
tax liability for the 1990 tax year in the amount of $204,672.87
plus interest and statutory additions that continue to accrue
until paid in full; (3) enter a judgment against Wilma Marlatt
for her tax liability for the 1990 tax year in the amount of
$218,584.49 plus interest and statutory additions that continue
to accrue until paid in full; (4) declare the United States has
valid federal tax liens on all property and rights to property
belonging to the Marlatts; (5) declare to the extent Capital
Parish holds any right, title, or interest in the Marlatts' real
property, it does so as the "nominee, alter ego and/or
transferee" of the Marlatts, and the United States' tax liens
attach to all property nominally held by Capital Parish for the
Marlatts; (6) "determine and adjudge" the Marlatts' transfer to

4 - OPINION AND ORDER

Capital Parish was fraudulent and to set aside such transfer; (7) order the United States' tax liens encumbering the subject property to be foreclosed and the proceeds used to satisfy the Marlatts' federal tax liens; and (8) determine the validity and priority of all liens and interests in the subject property and to order the proceeds of any judicial sale of the property to be distributed accordingly.

On October 1, 2007, the Court entered a Stipulated Order dismissing Defendant Eastern Bank of Oregon without prejudice. The government and Eastern Bank stipulated Eastern Bank has an interest of $8,237 in the subject property, which is superior to the government's claim.  The government agreed to treat Eastern Bank's interest as superior in any foreclosure and sale of the property.

On October 3, 2007, the Court entered a Stipulated Order dismissing Defendant Morrow County Assessor without prejudice.

On October 12, 2007, Capital Parish deeded the subject property back to the Marlatts for less than $100.

On November 5, 2007, the Marlatts filed an Answer to the government's Complaint.

On January 18, 2008, the Clerk of Court entered an Order for Entry of Default against Capital Parish of the Oversoul.  On August 5, 2008, the Court entered Default Judgment against Capital Parish in which the Court declared Capital Parish does

5 - OPINION AND ORDER

not have any right, title, or interest in the property at issue.

On February 26, 2008, the government served Requests for Admissions on the Marlatts in which the government requested the Marlatts to admit, among other things, that (1) they are the true owners of the subject property; (2) they have been the true owners of the subject property since November 8, 1974; (3) the NFTLs filed by the Secretary of the Treasury correctly set forth the federal income-tax liabilities and assessments made against the Marlatts; (4) the IRS made timely notice and demand for payment of the Marlatts' federal tax liabilities; and (5) the Marlatts have failed to pay their federal tax liabilities for tax years 1988-1990.  The Marlatts did not respond to the government's Requests for Admissions.

On May 1, 2008, the government filed a Motion for Summary Judgment.  The Marlatts did not file a response to the government's Motion.


## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for

6 - OPINION AND ORDER

summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense

determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.


### DISCUSSION

In its Motion, the government moves for summary judgment that (1) the Marlatts are jointly and severally indebted to the United States in the amount of $960,892.77 as of May 2, 2008, for unpaid federal tax, penalty, and interest assessments for tax years 1988 and 1989 plus statutory interest and other statutory additions as provided by law; (2) Wesley Marlatt is indebted to the United States in the amount of $335,829.52 as of May 2, 2008, for unpaid federal tax, penalty, and interest assessments for tax year 1990 plus statutory interest and other statutory additions as provided by law; and (3) Wilma Marlatt is indebted to the United States in the amount of $340,499.94 as of May 2, 2008, for unpaid federal tax, penalty, and interest assessments for tax year 1990 plus statutory interest and other statutory additions as provided by law.

**I.  Standards for an action to collect taxes and burden of proof.**

"'In an action to collect taxes, the government bears the initial burden of proof.'" *In re Olshan*, 356 F.3d 1078, 1084

8 - OPINION AND ORDER

(9th Cir. 2004)(quoting *Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1997)(citing *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983)).  The government's burden is satisfied "by the IRS's 'deficiency determinations and assessments for unpaid taxes,' which are presumed correct as 'long as they are supported by a minimal factual foundation.'" *Id.* (quoting *Palmer*, 116 F.3d at 1312).  "The presumption arises when it is substantiated by a minimal evidentiary foundation." *United States v. Cowan*, 535 F. Supp. 2d 1135, 1143 (D. Haw. 2008) (citing *Stonehill,* 702 F.2d at 1293).  In particular, Certificates of Assessments and Payments (IRS Form 4340) are "highly probative, and in the absence of contrary evidence, [are] sufficient to establish that an assessment was properly made and that notices and demand for payment were sent." *United States v. Powell*, No. CV 99-224-TUC-RCC, 2001 WL 283808, at *3 (D. Ariz. Feb. 20, 2001)(citing *Stonehill,* 702 F.2d at 1293).

When the government meets its burden, the burden shifts to the debtor "who must come forward with admissible evidence showing that the IRS determinations and assessments of their tax liabilities are incorrect." *Id.* (citing *Stonehill,* 702 F.2d at 1293).

"If a debtor rebuts the [government's] presumption, the burden reverts to the IRS to show that its determination was correct." *Olshan*, 356 F.3d at 1084 (citing *Keogh v. Comm'r*, 713

F.2d 496, 501 (9th Cir. 1983)).

**II.  Analysis**.

Here the government has submitted Declarations together with
the Form 4340 Certificates of Assessments and Payments for the
tax years at issue.  The submission of these documents by the
government adequately establish the Marlatts' tax liability for
the 1988-1990 tax years.  The government also submitted the
Declaration of the IRS agent who researched and computed the
Marlatts' tax liability together with information supporting the
agent's calculations.

In addition, the Marlatts' failure to respond to the
government's Request for Admissions results in the facts
contained therein to be deemed admitted, including the fact that
the IRS gave timely notice and demands and that the federal tax
assessments were proper.  Fed. R. Civ. P. 36(a)(3).  The Court
concludes this evidence is sufficient to establish that
assessments were properly made and notices and demand for payment
were sent.

Because the government satisfied its *prima facie* burden, the
burden shifts to the Marlatts to come forward with admissible
evidence to establish the government's assessments of tax
liabilities are incorrect.  As noted, however, the Marlatts did
not respond to the government's Motion for Summary Judgment or
its Request for Admissions, and, therefore, they did not provide

10 - OPINION AND ORDER

any evidence "to rebut the government's presumption."

The Court, therefore, concludes the government has established it is entitled to the federal tax liabilities assessed against the Marlatts as well as penalties and interest thereon for tax years 1988-1990.

Accordingly, the Court grants the government's Motion for Summary Judgment as to these issues.

**II.  Foreclosure of the subject property.**

In its Motion, the government also moves for summary judgment that the United States is entitled to foreclose the related federal tax liens against the subject property.

26 U.S.C. § 6321 provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

In addition, "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied."  26 U.S.C. § 6322.  Finally, 26 U.S.C. § 7403 provides in pertinent part:

> **(a) Filing.** – In any case where there has been a refusal or neglect to pay any tax, . . . the Attorney General . . . may direct a civil action to be filed in a district court of the United

States to enforce the lien of the United States
under this title with respect to such tax or
liability or to subject any property, . . . of the
delinquent, or in which he has any right, title,
or interest, to the payment of such tax or
liability.

**(b) Parties**. – All persons having liens upon or
claiming any interest in the property involved in
such action shall be made parties thereto.

**(c) Adjudication and decree.** – . . . in all cases
where a claim or interest of the United States
. . . is established, [the Court] may decree a
sale of such property . . . and a distribution of
the proceeds of such sale.

Here as a result of the Stipulated Dismissals of Eastern
Bank and Morrow County Assessor and the Default Judgment against
Capital Parish, there are no longer any parties other than the
Marlatts with a legal interest in the property at issue.  In
addition, the government has established the Marlatts' tax
liabilities, that the Marlatts have failed to pay those tax
liabilities, and that the liens against those tax liabilities are
on all of the Marlatts' property pursuant to §§ 6321 and 6322.

Accordingly, the Court grants the government's Motion for
Summary Judgment as to foreclosure and will issue an order that
the subject property is to be sold at auction and proceeds to be
distributed to satisfy the costs of the sale, the priority
interest of Eastern Bank, and the interest of the United States.

## CONCLUSION

For these reasons, the Court **GRANTS** the government's Motion for Summary Judgment (#27) as to foreclosure and will issue an order that the subject property is to be sold at auction and proceeds to be distributed to satisfy the costs of the sale, the priority interest of Eastern Bank, and the interest of the United States.  The Court **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 7th day of August, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER